UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

Case No: 6:18-cv-1770-Orl-41DCI

CF ADVANCE CORP.,

    Plaintiff,

v.

ZACHARIAH
THOMAS THRASHER,

    Defendant.
_____/

PLAINTIFF'S RESPONSE TO MOTION TO
DISMISS AND INCORPORATED MEMORANDUM OF LAW[1]

Defendant's Motion to Dismiss should be denied as the Plaintiff's Complaint states a cause of action for declaratory relief. Under Fed. R. Civ. P. 12(b)(6), the Court must determine whether plaintiffs have alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The Declaratory Judgment Act provides, in relevant part, as follows:

    In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201(a).

---

[1] While Plaintiff previously filed a Response to Defendant's Motion to Dismiss the parties primarily dealt with the issue of venue. This Response, filed with Defendant's permission, is focused on whether the Complaint states a claim upon which relief may be granted.

With respect to patents, the Declaratory Judgment Act ("the Act") enables a competitor, such as the Plaintiff herein, to secure legal certainty when the patent owner informs prospective customers that the competitor is infringing. Cat Tech LLC v. TubeMaster, Inc., 528 F.3d 871, 878 (Fed. Cir. 2008).When determining whether a claim for declaratory relief states a claim upon which relief may be granted, the analysis must be calibrated to the particular facts of each case, with the fundamental inquiry being whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties, having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

The Supreme Court's decision in MedImmune lowered the threshold to establish the existence of an actual case or controversy in intellectual property-related declaratory judgment cases." Gelmart Indus., Inc. v. Everready Battery Co., 120 F. Supp. 3d 327, 331 (S.D.N.Y. 2014). The finding of an actual controversy should be determined with some liberality. Starter Corp. v. Converse, Inc., 84 F.3d 592, 596 (2d Cir. 1996).

In this case, a case and controversy is sufficiently pled in the Plaintiff's Complaint, as well as the description of Plaintiff's competing product (paragraph 12) which alleges:

1. This is an action for declaratory judgment of non-infringement of U.S. Patent No. 9126291 and 9744627 ("Patents") belonging to the Defendant. Copy of the Patents are attached hereto.

5. Plaintiff CF Advance, Corp., is a California corporation, which sells replacement kits to repair interior automobile door handles through Amazon, EBay, and over the internet.

6. Defendant is a Florida resident who owns the Patents.

7. Defendant contacted Amazon and EBay, as well as possibly others to lodge a complaint that the Plaintiff is allegedly infringing upon the Defendant's Patents.

8. Amazon advised the Plaintiff that if it cannot resolve the matter with the Defendant that the Plaintiff's ability to sell its products through Amazon will be terminated. Plaintiff has been unable to resolve this matter with the Defendant.

9. Plaintiff believes that its actions in selling its products through resellers such as Amazon and EBay are lawful as its products do not infringe on the Defendant's Patents.

10. Because of Defendant's wrongful infringement claims made to Amazon the Plaintiff is at risk of losing its ability to sell its products through Amazon unless Plaintiff obtains a ruling from this Court that the products Plaintiff is selling do not infringe on the Defendant's Patents.

11. Defendant's Patents employ a methodology of removing the original (broken) door handle housing from the back side of the door panel by removing the plastic rivets. The replacement housing is then installed on the back side of the door panel in place of the original over the posts and tabs on the door panel, and fasteners are placed over the posts and pushed down to press the flange of the replacement housing tightly against the back side of the door panel. A hole is drilled through the base

of the tab, and a fastener is inserted through the hole and bent around the tab to similarly secure the flange.

12. In contrast, Plaintiff's replacement door handle operates differently and does not infringe upon the Defendant's Patents. Plaintiff's product utilizes a different method to repair the door handles. Defendant's housing for the handle is entirely plastic, while Plaintiff's is the complete housing with an additional metal housing to reinforce the entire unit resulting in more years of durability. Plaintiff's methodology used to fasten the door handles also differs from the Defendant's method. Defendant's repair kit uses a drill method with plastic rivets which often results in damage to the back splash. Plaintiff's repair kit uses an engraving method, with a special engraving tool enclosed in the kit, together with metal screws.

15. Defendant has falsely claimed to Amazon and possibly to others, that the Plaintiff's sale of competing repair kits for the inside door handles of vehicles infringes upon Defendant's Patents. As a result, Amazon has threatened imminent action against the Plaintiffs to remove their ability to sell their repair kits through Amazon. If that occurs, Plaintiff will lose a large percentage of its sales.

16. An actual, present and justiciable controversy has arisen between the Plaintiff and the Defendant concerning Plaintiff's right to sell its competing repair kits through Amazon to customers.

17. Plaintiff seeks a declaratory judgment from this Court that its sale of its automobile handle repair kits does not infringe on Defendant's Patents.

CONCLUSION

The Complaint sufficiently pleads a cause of action for declaratory relief and tortious interference. Thus, Defendant's Motion to Dismiss should be denied.[2] To the extent the Court believes the Complaint is deficient in any manner the Plaintiff requests leave to amend to cure any deficiency.

CERTIFICATE OF SERVICE

I certify that on October 23, 2018, I electronically filed a copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to Andrew Scott Rapacke, Esq., 1836 North Pine Island Road, Plantation, Florida 33322-5202.

/s/ MARK GOLDSTEIN
FL Bar No: 882186
1835 NE Miami Gardens Drive, Suite 211
Miami, Florida 33179
Telephone: (305) 342-4839
E-Mail: markgoldsteinattorney@gmail.com

---

[2] Defendant made no argument directed to Plaintiff's tortious Interference claim (Count II), so the adequacy of that claim need not be addressed herein.