IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CF ADVANCE, CORP.., <br><br> Plaintiff, <br><br> v. <br><br> ZACHARIAH THOMAS THRASHER, <br><br> Defendant. | Case No. 6:18-cv-01770-CEM-DCI |

**FIRST AMENDED COMPLAINT**

Plaintiffs, CF Advance, Corp., sues Defendant Zachariah Thomas Thrasher, and states:

1. This is an action for declaratory judgment of non-infringement of U.S. Patent No. 9,126,291 and 9,744,627 ("Patents") belonging to the Defendant. Copies of the Patents are attached hereto.

2. Plaintiff also sues the Defendant for tortious interference with an advantageous business relationship under the laws of the State of Florida.

3. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338 because the Complaint states claims arising under an Act of Congress relating to patents.

4. The Court also has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367.

**PARTIES**

5. Plaintiff CF Advance, Corp. is a California corporation, which sells replacement kits to repair interior automobile door handles through Amazon, EBay, and over the internet.

6. Defendant is a Florida resident who owns the Patents.

## THE CONTROVERSY

7. Defendant contacted Amazon and EBay, as well as possibly others, to lodge a complaint that the Plaintiff is allegedly infringing upon the Defendant's Patents.

8. As a result of the contact by Defendant, on or about May 21, 2018 Plaintiff received a communication from Amazon indicating that Amazon received a report from a rights owner that claims certain of Plaintiff's products infringe their utility patent rights and identified U.S. Patent No. 9,126,291.

9. The May 21, 2018 communication from Amazon identified Complaint ID: 5079703201 from a Mr. Larry Johnson at ldjesq@aol.com.

10. Upon information and belief, Mr. Larry Johnson represented or continues to represent the Defendant.

11. The May 21, 2018 communication from Amazon identified the following Amazon Standard Identification Numbers (ASIN) as infringing U.S. Patent No. 9,126,291: B01GPB0GNS; B01ESULRJU; B06WV7PDBB; B0748C2WBQ; B01N02L2Q9; B06WV79ZCZ; B06WVC8QZF; B06WV7PC66; B01ESULPLU; B01ESUMF1E; B01GPDS2BY; B07489Y33W; B01ESUN4R8; B01GPE5Q0I; B01ESUMBB8; B01GPBB2OU; B01GPCK5W4; B01ESUM75S; B01ESUMZSM; B01ESUND5Q; B01GPCQ3XE; B01ESUMJP6; B01ESUN3OM; B01ESUN7Z2; B01ESUMSDY; B06W2GX8BD; B01N39YUM3; B01GPF1RCS; B01ESUN9O6; B01GPD5CNA; B0746H7V8P; B01GPEIXHG; B01MXIAG05; B01ESUNBIA; B01ESUN1NU; B06VT9LBYX; B01GPAF8ZU; B01GPED9PW; B01GPFI4P6; B01GPEQPIK; B0748C5KJ7; and B01ESUN67Q.

12.     The AISNs identified in the May 21, 2018 communication from Amazon correlate to certain Jeep Grand Cherokee and Jeep Commander replacement inside door handles offered by Plaintiff and are herein referred to as "the products."

13.     Amazon advised the Plaintiff that if it cannot resolve the matter with the Defendant that the Plaintiff's ability to sell the products through Amazon will be terminated. Plaintiff has been unable to resolve this matter with the Defendant.

14.     Plaintiff believes that its actions in selling the products through resellers such as Amazon and EBay are lawful as the products do not infringe any valid and existing claim in the Defendant's Patents.

15.     Because of Defendant's wrongful infringement claims made to Amazon the Plaintiff is at risk of losing its ability to sell its products through Amazon unless Plaintiff obtains a ruling from this Court that the products Plaintiff is selling do not infringe on the Defendant's Patents.

16.     Defendant's Patents employ a methodology of removing the original (broken) door handle housing from the back side of the door panel by removing the plastic rivets. The replacement housing is then installed on the back side of the door panel in place of the original over the posts and tabs on the door panel, and fasteners are placed over the posts and pushed down to press the flange of the replacement housing tightly against the back side of the door panel. A hole is drilled through the base of the tab, and a fastener is inserted through the hole and bent around the tab to similarly secure the flange.

17.     Defendant's U.S. Patent No. 9,126,291 ("the '291 patent") is the subject of currently pending *Ex Parte* Reexamination Proceeding No. 90/014,211 at the United States Patent and Trademark Office ("USPTO"). A copy of the '291 patent is submitted herewith as Ex.

A. A copy of the file history of pending *Ex Parte* Reexamination Proceeding No. 90/014,211 is submitted herewith as Ex. B.

18. On November 9, 2018, the USPTO granted a request for *ex parte* reexamination of all claims (1-6) that issued in the '291 patent in *Ex Parte* Reexamination Proceeding No. 90/014,211.

19. The November 9, 2018 Decision to Grant states in part: "A substantial new question of patentability affecting claims 1-6 of United States Patent Number 9,126,291 is raised by the request for *ex parte* reexamination."

20. On February 4, 2019, the USPTO entered a Non-Final Office Action in *Ex Parte* Reexamination Proceeding No. 90/014,211 rejecting the patentability of all original claims (1-6) in the '291 patent.

21. On March 13, 2019, Plaintiff, through its counsel Andrew S. Rapacke, submitted a response to the February 4, 2019 Non-Final Office Action in *Ex Parte* Reexamination Proceeding No. 90/014,211 arguing that original claims 1-6 are not unpatentable and submitting new claims 7-14.

22. On April 18, 2019, the USPTO submitted a Final Rejection in *Ex Parte* Reexamination Proceeding No. 90/014,211 rejecting original claims 1-4 and 6 along with new claims 7 and 14.

23. Accordingly, claim 5 in the '291 patent is the only original claim found patentable by the USPTO; original claims 1-4 and 6 stand rejected as not patentable.

24. Claim 5 of the '291 patent requires, among other limitations, that the step of installing a replacement interior door handle housing on the interior door panel includes drilling

a hole in the tab and inserting a cotter pin in the hole to secure the replacement interior door handle housing against the interior door panel.

25. Defendant's U.S. Patent No. 9,744,627 ("the '627 patent") is the subject of currently pending *Ex Parte* Reexamination Proceeding No. 90/014,212 at the USPTO. A copy of the '627 patent is submitted herewith as Ex. C. A copy of the file history of *Ex Parte* Reexamination Proceeding No. 90/014,212 is submitted herewith as Ex. D.

26. On November 7, 2018, the USPTO granted a request for *ex parte* reexamination of all claims (1-5) that issued in the '627 patent in *Ex Parte* Reexamination Proceeding No. 90/014,212.

27. The November 7, 2018 Decision to Grant states in part: "A substantial new question of patentability affecting claims 1-5 of United States Patent Number 9,744,627 is raised by the request for *ex parte* reexamination."

28. On February 4, 2019, the USPTO entered a Non-Final Office Action in *Ex Parte* Reexamination Proceeding No. 90/014,212 rejecting the patentability of all original claims (1-5) in the '627 patent.

29. On March 13, 2019, Plaintiff, through its counsel Andrew S. Rapacke, submitted a response to the February 4, 2019 Non-Final Office Action in *Ex Parte* Reexamination Proceeding No. 90/014,212 arguing that original claims 1-5 are not unpatentable and submitting new claims 6-12.

30. On April 18, 2019, the USPTO submitted a Final Rejection in Non-Final Office Action in *Ex Parte* Reexamination Proceeding No. 90/014,212 rejecting all original claims 1-5 along with new claims 6-9.

31. Accordingly, no original claim in the '627 patent is found patentable by the USPTO; original claims 1-5 all stand rejected as not patentable.

32. In contrast to Defendant's patents, Plaintiff sells products, not a methodology. The products operate differently and do not infringe upon the Defendant's Patents. For example and without limitation, use of Plaintiff's product utilizes a different method to repair the door handles. Defendant's housing for the handle is entirely plastic, while Plaintiff's is the complete housing with an additional metal housing to reinforce the entire unit resulting in more years of durability. Plaintiff's products are the subject of U.S. Patent No. 9,586,462.

33. Use of Plaintiff's product would also require a different methodology to fasten the door handles that differs from the Defendant's method. Defendant's repair kit uses a drill method with plastic rivets which often results in damage to the back splash. Plaintiff's repair kit uses an engraving method, with a special engraving tool enclosed in the kit, together with metal screws. The idea to attach any thing with a drill and screw is not a new, and as demonstrated in the reexamination proceedings was well known before Defendant's application for its patents.

34. The products offered by Plaintiff do not include cotter pins that could be used to secure the replacement interior door handle housing against the interior door pane.

35. The products offered by Plaintiff do not include push nut retainers, spring clips or locking tabs to secure the replacement interior door handle housing against the interior door pane.

36. On April 15, 2019 Defendant, though its counsel Andrew S. Rapacke, served its "DISCLOSURE OF INFRINGMENT CONTENTIONS" in this lawsuit on Plaintiff providing contentions as to why it believes that the products (and newly identified, additional products) allegedly infringe the original '291 and '627 patents. A copy is attached hereto as Ex. E.

37. At the time Defendant submitted its "DISCLOSURE OF INFRINGMENT CONTENTIONS" in this lawsuit, Defendant knew that all original claims in both the '291 and '627 patents were rejected by the USPTO as unpatentable.

38. After Defendant submitted its "DISCLOSURE OF INFRINGMENT CONTENTIONS" in this lawsuit, Defendant received Final Rejections from the USPTO confirming that all original claims, except for claim 5 if the '291 patent were found by the USPTO to be unpatentable.

39. Defendant's "DISCLOSURE OF INFRINGMENT CONTENTIONS" at Exhibit A of that document identifies the allegedly non-infringing product(s) at issue by product name, AISN and Amazon Product Listing Web Address, providing sufficient details for Defendant to identify which product(s) are at issue.

40. Each and every AISN noted above in the May 21, 2018 communication from Amazon is listed in Defendant's "DISCLOSURE OF INFRINGMENT CONTENTIONS" at Exhibit A of that document.

41. All conditions precedent to the filing and maintenance of this action have been performed or have been waived.

## Count I – Declaratory Relief

42. The allegations of above-paragraphs 1-41 are incorporated into this Count by reference.

43. Defendant has falsely claimed to Amazon, and possibly to others, that Plaintiff's sale of competing repair kits for the inside door handles of vehicles infringes upon Defendant's Patents. As a result, Amazon has threatened imminent action against Plaintiff to remove their ability to sell their repair kits through Amazon. If that occurs, Plaintiff will lose a large percentage of its sales.

44. An actual, present and justiciable controversy has arisen between Plaintiff and Defendant concerning Plaintiff's right to sell its competing repair kits through Amazon to customers.

45. Plaintiff seeks a declaratory judgment from this Court that its sale of its automobile handle repair kits does not infringe on any valid claim of Defendant's Patents. Wherefore, Plaintiff seeks a declaration from the Court that its product that it sells through Amazon, EBay and over the internet does not infringe upon any valid claim Defendant's Patents.

**Count II – Tortious Interference with Advantageous business Relationship**

46. The allegations of above-paragraphs 1-45 are incorporated into this Count by reference.

47. Plaintiff has an existing relationship with Amazon and EBay which permits Plaintiff to resell its products to customers through their websites.

48. Defendant has knowledge of that relationship.

49. Defendant's false allegations of infringement upon its Patents made to Amazon, EBay and possibly to others, constitutes an intentional and unjustified interference with those relationships.

50. Plaintiff has or will sustain damages as a result of Defendant's actions.

Wherefore, Plaintiff demands judgment for damages against the Defendant.

Date: May 13, 2019                                      Respectfully submitted,

                                                        *s/ Mark Goldstein*
                                                        Mark Goldstein
                                                        FL Bar No: 882186
                                                        markgoldsteinattorney@gmail.com
                                                        1835 NE Miami Gardens Drive, Suite 211
                                                        Miami, Florida 33179
                                                        Telephone: (305) 342-4839

        Aaron T. Olejniczak (*pro hac vice* requested)
        aarono@andruslaw.com
        Christopher R. Liro (*pro hac vice* requested)
        chris.liro@andruslaw.com
        Andrus Intellectual Property Law, LLP
        100 East Wisconsin Avenue, Suite 1100
        Milwaukee, WI 53202
        Telephone: (414) 271-7590
        Fax: (414) 271-5770

        *Counsel for Plaintiff CF Advance, Corp.*

**CERTIFICATE OF SERVICE**

I certify that on May 13, 2019, I electronically filed a copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to Andrew Scott Rapacke, Esq., andy@arapackelaw.com, 1836 North Pine Island Road, Plantation, Florida 33322-5202.

                                                *s/ Mark Goldstein*
                                                Mark Goldstein
                                                FL Bar No: 882186
                                                markgoldsteinattorney@gmail.com
                                                1835 NE Miami Gardens Drive, Suite 211
                                                Miami, Florida 33179
                                                Telephone: (305) 342-4839