IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CF ADVANCE CORP., <br> a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> ZACHARIAH THOMAS THRASHER, <br><br> Defendant. | § <br> § Case No. 6:18-cv-01770-CEM-DC <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

## DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6)

Declaratory Judgment Defendant, Zachariah Thomas Thrasher ("Thrasher"), moves to dismiss this case for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6).

## Introduction

This is an action for (1) declaratory judgment of non-infringement of two patents owned by Declaratory Judgment Defendant Thrasher and (2) tortious interference with a business relationship. Plaintiff fails to meet the *Twombly/Iqbal* standard for stating a claim on which relief may be granted that is plausible on its face because the First Amended Complaint [DE 32] suffers from the same shortcoming as the original complaint in that it fails to specify precisely which of its products Plaintiff seeks to include in its claim for declaratory relief. Additionally, it fails to state facts to support the damages element of the tortious interference claim.

**Facts**

1. Declaratory Judgment Plaintiff CF Advance, Corp., is a California corporation which sells replacement kits to repair interior automobile door handles through Amazon, EBay, and over the internet. [DE 32, ¶ 5].

2. Declaratory Judgment Defendant Thrasher is a Florida resident who owns the two patents at issue in this case, U.S. Patent No. 9,126,291 (the '291 Patent) and 9,744,627 (the '627 Patent) (collectively, the "Patents"). [DE 32, ¶¶ 1, 6].

3. Plaintiff sues Thrasher in this case for a declaratory judgment that Plaintiff's products do not infringe Thrasher's Patents. [DE 32, ¶¶ 42-45].

4. Plaintiff alleges that Thrasher contacted Amazon and EBay through Thrasher's agent Larry Johnson and wrongfully reported that Plaintiff was infringing Thrasher's Patents. On or about May 21, 2018, Amazon allegedly advised Plaintiff that Amazon received a report from a rights owner that alleged that certain of Plaintiff's products infringed their utility patent rights and identified U.S. Patent No. 9,126,291. [DE 32, ¶¶ 8-10].

5. Plaintiff alleges that the May 21, 2018 communication from Amazon identified the following 42 Amazon Standard Identification Numbers[1] (ASIN's) as infringing U.S. Patent No. 9,126,291: B01GPB0GNS; B01ESULRJU; B06WV7PDBB; B0748C2WBQ;

---

[1] According to Amazon, ASINs are "are unique blocks of 10 letters and/or numbers that identify items. You can find the ASIN on the item's product information page at Amazon.com. For books, the ASIN is the same as the ISBN number, but for all other products a new ASIN is created when the item is uploaded to our catalogue. You will find an item's ASIN on the product detail page alongside further details relating to the item, which may include information such as size, number of pages (if it's a book) or number of discs (if it's a CD)." *See* https://www.amazon.com/gp/seller/asin-upc-isbn-info.html (last accessed June 8, 2019).

B01N02L2Q9; B06WV79ZCZ; B06WVC8QZF; B06WV7PC66; B01ESULPLU; B01ESUMF1E; B01GPDS2BY; B07489Y33W; B01ESUN4R8; B01GPE5Q0I; B01ESUMBB8; B01GPBB2OU; B01GPCK5W4; B01ESUM75S; B01ESUMZSM; B01ESUND5Q; B01GPCQ3XE; B01ESUMJP6; B01ESUN3OM; B01ESUN7Z2; B01ESUMSDY; B06W2GX8BD; B01N39YUM3; B01GPF1RCS; B01ESUN9O6; B01GPD5CNA; B0746H7V8P; B01GPEIXHG; B01MXIAG05; B01ESUNBIA; B01ESUN1NU; B06VT9LBYX; B01GPAF8ZU; B01GPED9PW; B01GPFI4P6; B01GPEQPIK; B0748C5KJ7; and B01ESUN67Q and that these ASIN's correlate to certain Jeep Grand Cherokee and Jeep Commander replacement inside door handles (the "products") offered by Plaintiff. [DE 32, ¶ 11-12].

6. Amazon allegedly advised Plaintiff that if it could not resolve the matter with Thrasher that the Plaintiff's ability to sell the products through Amazon would be terminated. Plaintiff has allegedly been unable to resolve this matter with Thrasher [DE 32, ¶ 13]. Plaintiff does not specify in its First Amended Complaint what steps, if any, it took to resolve the matter with Thrasher, nor does its Complaint allege that any of its items on Amazon have actually been taken down by Amazon due to Thrasher's reports.

7. Plaintiff asserts that the products do not infringe any valid and existing claim in Thrasher's Patents and alleges that it risks losing its ability to sell its products through Amazon unless Plaintiff obtains a ruling from this Court that the products Plaintiff is selling do not infringe on Thrasher's Patents. [DE 32, ¶¶ 14-15].

8. Plaintiff alleges that its products employ a methodology that is different from Thrasher's products. [DE 32, ¶¶ 16, 32-35].

9. Plaintiff alleges that Thrasher's counsel served its "DISCLOSURE OF INFRINGEMENT CONTENTIONS" (the "Disclosure") on Plaintiff on April 15, 2019, providing contentions as to why it believes that the products (and newly identified, additional products) allegedly infringe the original '291 and '627 Patents. Plaintiff alleges that the Disclosure identifies in its Exhibit A the allegedly non-infringing products by product name, ASIN and Amazon Product Listing Web Address, providing sufficient details for Defendant to identify which products are at issue. [DE 32, ¶¶ 36, 39]. Plaintiff has attached a copy of the Disclosure to its First Amended Complaint as DE 32-5.

10. Plaintiff alleges that "Each and every [ASIN] noted above [in Paragraph 11 of the First Amended Complaint] in the May 21, 2018 communication from Amazon is listed in [the Disclosure] at Exhibit A of that document." [DE 32, ¶ 40]. The Disclosure lists over 100 infringing products in its Exhibit A. [DE 32-5, pp. 9-25].

11. Plaintiff alleges that Amazon has threatened imminent action against Plaintiff to remove Plaintiff's ability to sell its repair kits through Amazon and that such action by Amazon would cost Plaintiff "a large percentage of its sales." [DE 32, ¶ 43].

12. Plaintiff therefore "seeks a declaratory judgment from this Court that its sale of its automobile handle repair kits does not infringe on any valid claim of Defendant's Patents." [DE 32, ¶ 45].

13. Plaintiff also sues Thrasher in this case for tortious interference with a business relationship, based on Thrasher's allegedly wrongful reporting of Plaintiff's infringement to Amazon and others. [DE 32, ¶¶ 46-50].

**MEMORANDUM OF LAW**
**Motion to Dismiss for Failure to State a Claim**

The Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) hold that Federal Rule of Civil Procedure 8(a) requires a case-initiating pleading to state sufficient facts to make the claim plausible. Thus, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Just as Plaintiff's claim for declaratory relief in its original complaint failed to meet the *Twombly* standard, both claims in Plaintiff's First Amended Complaint fail to meet that standard and should be dismissed under Rule 12(b)(6).

**I. The Declaratory Relief claim (Count I) must be dismissed because it is ambiguous as to which products are meant to be the subject of the claim.**

Some district courts have held that declaratory judgment plaintiffs must identify an allegedly non-infringing product or method in order to avoid dismissal. "In an action for declaratory judgment concerning claims for patent non-infringement, the pleading must specify the products or conduct alleged not to infringe." *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. 5:11-cv-0671-SI, 2011 U.S. Dist. LEXIS 81986, 2011 WL 3206686, at *6 (N.D. Cal. July 27, 2011). In *Wistron Corp. v. Phillip M. Adams & Assocs.*, No. 10-4458, 2011 U.S. Dist. LEXIS 46079, at *38-39, 2011 WL 1654466 (N.D. Cal. Apr. 28, 2011), the court explained: "[W]ithout identifying the accused products, there simply is no way to adjudicate an infringement claim. Absent identification of the products accused of infringement, there is no concrete case or controversy of sufficient specificity to satisfy *Twombly* and *Iqbal*." The *Wriston* court found that the plaintiffs had failed to state a claim for declaratory relief on infringement. *Id.* at *40-41.

5

This rule allows defendants to assess the "true nature of any potential counterclaims" and "to mount a meaningful defense." *Macom Tech. Sols. Holdings, Inc. v. Infineon Techs. AG*, No. 2:16-CV-02859-CAS(PLAx), 2016 U.S. Dist. LEXIS 152155, at *51 (C.D. Cal. Oct. 31, 2016). After all, in a declaratory action, there must be "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

In its order dismissing Plaintiff's original complaint, this Court noted that "Plaintiff does not identify the allegedly non-infringing product(s). Plaintiff provides no product name, product number, trade name, or sufficient details for Defendant to identify which product(s) are at issue. In failing to identify the allegedly non-infringing product(s), the facts alleged in the Complaint are insufficient to state a plausible, rather than merely possible, claim for relief." [DE 29, p. 3].

While Plaintiff gave no identifying information in its original complaint, its First Amended Complaint lists 42 products by Amazon Standard Identification Numbers (ASIN's) and references in an exhibit dozens of other products listed by ASIN, but never pins down exactly which ones of the 100-plus items referenced are meant to be the subjects of its claim for declaratory relief.

The First Amended Complaint lists the ASIN's of 42 products that Thrasher allegedly reported to Amazon as infringing the '291 Patent and states that those products "correlate to certain Jeep Grand Cherokee and Jeep Commander replacement inside door handles offered by Plaintiff," which Plaintiff defines as "the products." [DE 32, ¶¶ 11-12]. Plaintiff also notes that the Thrasher Disclosure identifies all of the 42 products

reported to Amazon, along with allegedly infringing "newly identified, additional products." [DE 32, ¶¶ 36, 39, 40]. In fact, the Disclosure lists over 100 infringing products in its Exhibit A. [DE 32-5, pp. 9-25]. Because Plaintiff did not specify in its original complaint which products were at issue [*see* DE 9, pp 6-7], Defendant's counsel had to speculate which products were at issue and had to err on the side of inclusiveness in preparing its Disclosure. As Defendant is not privy to all of Plaintiff's products or listings, it is unaware of all Plaintiff's potential products which Plaintiff may be attempting to put at issue.[2]

In its Count I for Declaratory Relief, Plaintiff alleges that it "seeks a declaratory judgment . . . that its sale of its *automobile handle repair kits* does not infringe on any valid claim of Defendant's Patents. Wherefore, Plaintiff seeks a declaration from the Court that its *product* that it sells through Amazon, EBay and over the internet does not infringe upon any valid claim [of] Defendant's Patents." [DE 32, ¶ 45] (emphasis added). The phrase "automobile handle repair kits" is similar to the phrase "replacement kits to repair interior automobile door handles," which this Court found overly vague in the original complaint. [DE 29, p. 3]. Plaintiff does not identify which automobile handle repair kits or other products, that it indicates exist and are sold through Ebay and elsewhere "over the internet" are at issue. Presumably, Plaintiff's products do not use Amazon Standard Identification Numbers when they are sold through EBay or "elsewhere over the internet."

Plaintiff's First Amended Complaint is still therefore ambiguous as to which products it is seeking declaratory relief for. Does the phrase "automobile handle repair

---

[2] Plaintiff asserts in its Motion for Preliminary Injunction that it has 1,030 door handle products in total. [DE 33, p.11].

7

kits" in paragraph 45 of the First Amended Complaint refer to all of the 42 items specified in paragraph 11, or only some of them? Does it also refer to any of the dozens of other items listed in DE 32-5, which Plaintiff describes as "newly identified, additional *products*" that allegedly infringe the Patents. [DE 32, ¶¶ 36] (emphasis added). If so, which ones? Since Plaintiff defined "the products" as those items listed in paragraph 11 [DE 32, ¶ 12], are the additional "products" in DE 32-5 also subject to the claim for declaratory relief? Plaintiff, having defined the term "products" for the purposes of its complaint, then appears to implicitly expand its meaning and then uses an undefined term, "automobile handle repair kits" and "product" (singular) when specifying the relief sought. Thus, it is still not clear exactly which items are the subjects of Plaintiff's claim for declaratory relief, or if there are still more products other than those listed in paragraph 11 or DE 32-5 that it seeks to include. If Plaintiff would specifically state which ASIN's it is referring to in its declaratory relief claim, Thrasher might have sufficient information to begin to prepare a defense.

Thus, the First Amended Complaint does not sufficiently apprize either Defendant or this Court as to which product or products are at issue in the declaratory action. For these reasons, Count I must be dismissed.

**II. The Tortious Interference claim (Count II) must be dismissed because it alleges no facts that would indicate that Plaintiff has suffered damages.**

Under Florida law, the elements of tortious interference with a business relationship are: (1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) **damage to the plaintiff resulting from tortious interference**.

*Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994).

In the First Amended Complaint, Plaintiff alleges that it received a communication from Amazon that an agent of Thrasher had informed Amazon that some of Plaintiff's products infringed Thrasher's '291 Patent and that Thrasher also contacted EBay, "as well as possibly others" to complain that Plaintiff was infringing Thrasher's patents. [DE 32, ¶¶ 7-10]. Plaintiff alleges that Amazon advised the Plaintiff in May 2018 that if it cannot resolve the matter with the Defendant that the Plaintiff's ability to sell the products through Amazon "will be" terminated and that Plaintiff has been unable to resolve this matter with the Defendant. [DE 32, ¶ 13]. Now, about a year later, Plaintiff fails to allege that any of its listings have actually been removed, by Amazon as a result of Thrasher's actions.

Plaintiff alleges that it is at risk of losing its ability to sell its products through Amazon unless Plaintiff obtains a ruling from this Court that the products Plaintiff is selling do not infringe on the Defendant's Patents [DE 32, ¶ 15], Plaintiff alleges that Amazon has "threatened imminent action against Plaintiff" by no longer allowing it to sell its repair kits through Amazon, which would cost Plaintiff "a large percentage of its sales." [DE 32, ¶ 43]. The key language here is "threatened," further indicating that Plaintiff has not suffered any damages to date.

In its tortious interference count (Count II), Plaintiff alleges that Thrasher's "false allegations of infringement upon its Patents" made to Amazon, EBay and others, "constitutes an intentional and unjustified interference with those relationships" and that "Plaintiff has or will sustain damages as a result of Defendant's actions." [DE 32, ¶¶ 49, 50].

9

Completely lacking from Plaintiff's First Amended Complaint is any allegation that Amazon or EBay or any other internet platform has actually terminated Plaintiff's right to sell its products on their platform for any length of time at all. Thus, under the facts alleged, Plaintiff cannot have suffered *any* loss of sales due to Thrasher's alleged interference.

Damages are considered "speculative" and their recovery is precluded where the fact of damage is itself uncertain. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946). Although a complaint need not plead "detailed factual allegations" to survive a motion to dismiss for failure to state a claim, the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish a "plausible," as opposed to merely a "possible" or "speculative," entitlement to relief. *316, Inc. v. Md. Cas. Co.*, 625 F. Supp. 2d 1179, 1182 (N.D. Fla. 2008).

Here, where no interruption of Plaintiff's sales is alleged to have occurred, it is inappropriate for Plaintiff to bring a tortious interference claim. Count II should be dismissed as its damages element has not been adequately pleaded, and it contains no factual allegations that would elevate its damages element beyond the speculative.

Plaintiff should be aware that denial of leave to amend may be justified by undue delay, repeated failure to cure deficiencies, or futility of amendment. *Thomas v. Davie*, 847 F.2d 771, 774 (11th Cir. 1988) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**WHEREFORE,** Defendant respectfully asks this Court to dismiss both claims of the First Amended Complaint for failure to state a cause of action under the *Twombly*/*Iqbal* standard.

Dated: June 12, 2019                Respectfully submitted,

By: */s/ Andrew S. Rapacke*
Attorney for Defendant
THE RAPACKE LAW GROUP, P.A.
Florida Bar No. 0116247
1840 N. Pine Island Road
Plantation, FL 33322
Telephone: (954) 951-0154
Facsimile: (954) 206-0484
Email: andy@arapackelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 12, 2019, under Federal Rule of Civil Procedure 5, the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding:

| | |
|---|---|
| Mark Goldstein<br>1835 NE Miami Gardens Drive<br>Suite 211<br>Miami, Florida 33179<br>markgoldsteinattorney@gmail.com<br><br>Christopher R. Liro<br>Andrus Intellectual Property Law, LLP<br>Suite 1100<br>100 E Wisconsin Ave<br>Milwaukee, WI 53202<br>chris.liro@andruslaw.com | Aaron T. Olejniczak<br>Andrus Intellectual Property Law, LLP<br>Suite 1100<br>100 E Wisconsin Ave<br>Milwaukee, WI 53202<br>aarono@andruslaw.com |

By: */s/ Andrew S. Rapacke*
Florida Bar No. 0116247