UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CF ADVANCE CORP.,**

      **Petitioner,**

v.                                              **Case No: 6:18-cv-1770-Orl-41DCI**

**ZACHARIAH THOMAS THRASHER,**

      **Respondent.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 33) and Motion to Stay and to Strike Initial Infringement Contentions (Doc. 34). For the reasons stated herein, the Motion for Preliminary Injunction will be denied and the Motion to Stay and to Strike will be granted in part and denied in part.

**I.     BACKGROUND**

Plaintiff sells replacement kits to "repair interior automobile door handles." (Am. Compl., Doc. 31, ¶ 5). Plaintiff was selling these kits over the internet, chiefly on Amazon. (*Id.*). On May 21, 2018, Defendant filed a report with Amazon, alleging that Plaintiff's kits infringed on several of his patents. (Doc. 33 at 3). Despite Plaintiff's communication with Amazon regarding its noninfringement, Amazon informed Plaintiff that it must resolve the issue with Defendant or its ability to sell its kits on Amazon would be terminated. (*Id.* at 4). On August 28, 2018, Plaintiff filed suit in the Southern District of Florida. (*See* Compl., Doc. 1). The case was subsequently transferred to the undersigned and the case was dismissed without prejudice for failure to state a claim upon which relief could be granted. (*See* April 22, 2019 Order, Doc. 29). On May 13, 2019,

Plaintiff filed its Amended Complaint (Doc. 32), Motion for Preliminary Injunction, and it's Motion to Stay and to Strike.

## II.     MOTION TO STAY AND TO STRIKE

Defendant filed a Response to Plaintiff's Motion to Stay and to Strike (Doc. 41). Therein, he concedes that a stay is appropriate during the U.S. Patent and Trademark Office's ("USPTO") reexamination proceedings of his claims. (*Id.* at 1). "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a USPTO administrative proceeding." *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, 6:12-CV-1727-ORL-37, 2013 WL 1969247, at *1 (M.D. Fla. May 13, 2013) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal quotations removed)). "For cases early on in litigation, a liberal policy exists in favor of granting motions to stay proceedings pending the outcome of [USPTO] reexamination or re-issuance proceedings." *Alps S., LLC v. Ohio Willow Wood Co.*, No. 8:07-cv-2076-T-23MAP, 2008 U.S. Dist. LEXIS 123554, at *3 (M.D. Fla. Dec. 3, 2008). Procedurally, this case is still in its infancy and discovery has only just begun. Accordingly, the Court agrees with the parties that a stay of this case pending the USPTO's final ruling on the claims will promote judicial efficiency and will be beneficial to the examination of this suit. The case will be stayed.

However, Defendant does object to Plaintiff's Motion to Strike. (Doc. 41 at 2–3). Plaintiff seeks to strike Defendants Infringement Contentions, which were disclosed to Plaintiff on April 15, 2019, in keeping with the Court's Case Management Scheduling Order (Doc. 25). Defendant's Infringement Disclosures were put on the record by Plaintiff as an attachment to the Amended Complaint. (*See* Doc. 32-5). Plaintiff is requesting the Court strike a document disclosed to Plaintiff as part of discovery that Plaintiff put onto the record itself. Plaintiff cites no rules or law

for the proposition that striking a disclosure is proper. Accordingly, Plaintiff's Motion to Strike will be denied. Plaintiff may file a renewed Motion with proper authority or at such a time that this relief becomes proper.

### III.   PRELIMINARY INJUNCTION

#### A.   Legal Standard

To obtain a preliminary injunction, the movant must sufficiently "establish that '(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) . . . the injunction would not be adverse to the public interest.'" *Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)). "A preliminary injunction, moreover, 'is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" *Llovera v. Florida*, 576 F. App'x 894, 896 (11th Cir. 2014) (per curiam) (quoting *Forsyth Cnty.*, 633 F.3d at 1039).

#### B.   Analysis

Plaintiff cannot establish the element of irreparable injury. "A showing of irreparable injury is the sine qua non of injunctive relief." *Siegel*, 234 F.3d at 1176 (quoting *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (quotations omitted)). "A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm. A preliminary injunction requires showing 'imminent' irreparable harm." *Wreal, LLC v. Amazon.com*, 840 F.3d 1244, 1248 (11th Cir. 2016) (citing *Siegel*, 234 F.3d at 1176–77). "[A] party's failure to act with speed or urgency in moving for a preliminary injunction necessarily

undermines a finding of irreparable harm." *Id.* In *Wreal*, the Eleventh Circuit affirmed the district court's denial, finding an unexplained delay of five months to be fatal to a request for preliminary injunction, reasoning that this delay did not "demonstrate an imminent injury that would warrant [such an] 'extraordinary and drastic remedy.'" *Id.* at 1249; *see also Menudo Int'l, LLC v. In Miami Prod., LLC*, No. 17-21559-Civ, 2017 U.S. Dist. LEXIS 179777, at *17–18 (S.D. Fla. Oct. 31, 2017) (denying motion for preliminary injunction where plaintiff could not establish irreparable harm when the motion was filed a year after plaintiff became aware of the trademark infringement); *Seiko Kabushiki Kaisha v. Swiss Watch Int'l, Inc.*, 188 F. Supp. 2d 1350, 1356 (S.D. Fla. 2002) (the same).

According to Plaintiff's own factual summary, it became aware that Defendant alerted Amazon to potential infringement in late May 2018. Plaintiff waited until August 2018 to bring suit, and until May 2019 to file its Motion for Preliminary Injunction. While Plaintiff's Motion provides detailed facts regarding the USPTO's reexamination proceedings, it does not provide a reason that it waited a year from the initial harm—the report of infringement to Amazon—to file its Motion for Preliminary Injunction. As a result of this delay, the Court cannot find that Plaintiff will suffer irreparable injury absent a preliminary injunction. Accordingly, Plaintiff's Motion for Preliminary Injunction will be denied.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Preliminary Injunction (Doc. 33) is **DENIED**.
2. Plaintiff's Motion to Stay and to Strike Initial Infringement Contentions (Doc. 34) is **GRANTED in part** and **DENIED in part**.

    a. This case is **STAYED** pending the completion of the reexamination proceedings of the U.S. Patent and Trademark Office. **On or before January 7, 2020**, and every 180 days thereafter, Plaintiff shall file a report as to the status of the reexamination proceedings. Additionally, Plaintiff shall notify the Court within **fourteen days** of the final resolution.

    b. The Motion to Strike is **DENIED without prejudice.**

3. The Clerk is directed to administratively close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 11, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record