IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CF ADVANCE CORP., <br> a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> ZACHARIAH THOMAS THRASHER, <br><br> Defendant. | § <br> § Case No. 6:18-cv-01770-CEM-DCI <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Zachariah Thomas Thrasher hereby files its Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint [DE 94], submitted August 12, 2020, and states as follows:

1. Admitted.

2. Defendant admits that this is an action for declaratory judgment of non-infringement, but otherwise denies the remaining allegations and demands strict proof thereof.

### THE PARTIES

3. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

4. Admitted.

### JURISDICTION AND VENUE

5. Defendant admits for jurisdictional purposes, but otherwise denies the allegations regarding the nature of Thrasher's actions and demands strict proof thereof.

6. Admitted for jurisdictional purposes only.

1

7. Admitted for venue purposes only.

## THE CONTROVERSY

8. Admitted.

9. Admitted that a notice of suspected intellectual property rights violation was submitted by or on behalf of Defendant on or about May 21, 2018 and August 8, 2018 to Amazon identifying potential infringement of the '291 and '627 patents by various products including the Plaintiff's, but is otherwise without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

10. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

11. Admitted.

12. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

13. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

14. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

15. Admitted that an email was sent from Mr. Squire to Mr. Johnson, but otherwise Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

16. Admitted.

17. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

18. Admitted.

19. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

20. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

21. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

22. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

23. Admitted.

24. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

25. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

26. Defendant denies this allegation and demands strict proof thereof.

27. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

28. Defendant denies this allegation and demands strict proof thereof.

29. Defendant is without knowledge of the truth of this allegation and therefore denies it and demands strict proof thereof.

### THE '291 AND '627 PATENTS

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Defendant is without knowledge of the truth of the allegation that the USPTO "[r]ecogniz[ed] a substantial difference in the substance of the claim limitations of claim 1 of the '291 patent and new claim 8 added during reexamination" and therefore denies it and demands strict proof thereof; otherwise admitted.

36. Admitted.

37. Admitted.

38. Defendant denies that the allegation that the amendment was a "substantive change" and demands strict proof thereof; otherwise admitted.

39. Admitted.

40. Admitted.

41. Defendant denies this allegation and demands strict proof thereof.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Defendant is without knowledge of the truth of the allegation that the USPTO "[r]ecogniz[ed] a substantial difference in the substance of the claim limitations of claim 1 of the '627 patent and new claim 10 added during reexamination" and therefore denies it and demands strict proof thereof; otherwise admitted.

47. Admitted.

48. Admitted.

49. Defendant denies that the allegation that the amendment was a "substantive change" and demands strict proof thereof; otherwise admitted.

50. Admitted.

51. Admitted.

52. Defendant denies this allegation and demands strict proof thereof.

### COUNT I – DECLARATION REGARDING THE '291 PATENT

53. Defendant re-alleges and incorporates by reference each of the paragraphs above.

54. Defendant denies this allegation and demands strict proof thereof.

55. Admitted.

56. Defendant denies this allegation and demands strict proof thereof.

57. Admitted.

58. Defendant denies this allegation and demands strict proof thereof.

59. Defendant denies this allegation and demands strict proof thereof.

60. Defendant denies this allegation and demands strict proof thereof.

61. Defendant denies that Plaintiff is entitled to any relief alleged in this paragraph.

### COUNT II – DECLARATION REGARDING THE '627 PATENT

62. Defendant re-alleges and incorporates by reference each of the paragraphs above.

63. Defendant denies this allegation and demands strict proof thereof.

64. Admitted.

65. Defendant denies this allegation and demands strict proof thereof.

66. Admitted.

67. Defendant denies this allegation and demands strict proof thereof.

68. Defendant denies this allegation and demands strict proof thereof.

69. Defendant denies this allegation and demands strict proof thereof.

70. Defendant denies that Plaintiff is entitled to any relief alleged in this paragraph.

## PRAYER FOR RELIEF

71. Defendant denies that Plaintiff is entitled to any relief alleged in this paragraph or in any of its subparagraphs.

## THRASHER'S AFFIRMATIVE DEFENSES

These allegations are raised strictly as defenses and are not to be considered as admissions of Thrasher as to any factual, legal or other matters. All allegations not specifically admitted are specifically denied. Thrasher denies all allegations not expressly admitted herein, whether numbered or unnumbered, including without limitation, any and all demands for judgment or any relief whatsoever.

**First Affirmative Defense:** CF Advance's Third Amended Complaint fails to state a claim against Thrasher upon which relief can be granted.

**Second Affirmative Defense:** CF Advance has not identified a case or controversy sufficient to create declaratory judgment jurisdiction in this Court.

**Third Affirmative Defense:** CF Advance's causes of action against Thrasher are barred by the doctrines of unclean hands, fraud, material misrepresentation, inequitable conduct, and/or other self-inflicted, commercially unreasonable, or bad faith conduct of CF Advance itself.

**Fourth Affirmative Defense:** CF Advance's claim for damages against Thrasher is too remote, speculative, and/or unavailable as a matter of law and, regardless, would result in unjust

enrichment if awarded. Alternatively, CF Advance has suffered no damage or harm as a result of the conduct alleged in the Complaint and is, therefore, not entitled to any relief.

**Fifth Affirmative Defense:** Pursuant to, *inter alia*, 35 U.S.C. § 285, Thrasher is entitled to recover reasonable attorneys' fees against CF Advance on the grounds that this action has been brought against Thrasher without merit and has not been brought or asserted in good faith.

**Sixth Affirmative Defense:** CF Advance's causes of action against Thrasher are barred by intervening or superseding causes, including, but not limited to, the actions of other unnamed third parties and/or CF Advance itself, creating a lack of causation and/or the absence of a causal relationship between CF Advance's allegations and Thrasher's conduct. Put otherwise, the cause of CF Advance's damages, if any, was the independent act or acts of other persons or entities, including CF Advance itself, over whom Thrasher has no control and for whom Thrasher is in no way liable or responsible.

**Seventh Affirmative Defense:** CF Advance has failed to mitigate its alleged damages, if any, thereby eliminating or reducing all damages claimed.

**Eighth Affirmative Defense:** CF Advance's causes of action are barred by the doctrine of equitable estoppel or are otherwise contrary to public policy.

Thrasher reserves the right to add additional affirmative defenses as this matter progresses and Thrasher discovers additional information. Likewise, to the extent any of Thrasher's affirmative defenses can be construed as claims, Thrasher reserves the right to amend this answer to specifically plead any such claims against CF Advance.

## PRAYER FOR RELIEF

**WHEREFORE**, Thrasher prays that the claims against it be dismissed with prejudice and that it be awarded its costs, attorneys' fees, and other such relief as the Court deems just and proper.

Dated: August 31, 2020          Respectfully submitted,

By: <u>*/s/ Andrew S. Rapacke*</u>
Attorney for Defendant
The Rapacke Law Group, P.A.
Florida Bar No. 0116247
1840 N. Pine Island Road
Plantation, FL 33322
Telephone: (954) 951-0154
Facsimile: (954) 206-0484
Email: andy@arapackelaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 31, 2020, under Federal Rule of Civil Procedure 5, the foregoing was filed with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice to the following lead counsel of record in this proceeding:

| | |
|---|---|
| Mark Goldstein | John T. Polasek |
| 1835 NE Miami Gardens Drive | Elliott & Polasek, PLLC |
| Suite 211 | 6750 West Loop South, Suite 995 |
| Miami, Florida 33179 | Bellaire, Texas 77401 |
| markgoldsteinattorney@gmail.com | ted@epiplawyers.com |

By: */s/ Andrew S. Rapacke*
Florida Bar No. 0116247